S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB** #965128
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1002
Facsimile:  (503) 717-1117
          Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:12-CR-00226-BR |
| v. | **GOVERNMENT'S TRIAL MEMORANDUM** |
| **GERALD LEROY BARNES, II,** | |
| **Defendant.** | |

The United States, by S. Amanda Marshall, United States Attorney for the District of Oregon, and through Scott Kerin, Assistant United States Attorney for the District of Oregon, hereby submits the following trial memorandum for the Court's consideration.

**A.     Case Overview**

On April 26, 2012, officers and agents with the Drug Enforcement Administration, U.S. Marshals, and the Portland Police Bureau executed a search warrant on Gerald Barnes, II's residence at 10704 N.E. Shaver Street, Portland, Oregon.  The warrant was sought as part of a large drug investigation that was targeting a drug trafficking organization distributing large amounts of cocaine

from Mexico to California and into Oregon. The defendant was intercepted in a California state wiretap discussing a drug delivery. The defendant was present during the execution of the search warrant. During the execution of the search warrant of the residence and garage, agents found 12 firearms (shotguns and handguns), numerous rounds of ammunition for the firearms, and marijuana. In a search of two vehicles on the property agents found two additional firearms. Included within the 14 recovered firearms was a weapon made from a Remington Wingmaster 870, 20 gauge shotgun, serial number S530610X, having an overall length of approximately 24 ½ inches and a barrel length of approximately 12 ½ inches (a short barrel shotgun). The short barreled shotgun was found in a box inside the garage and was loaded with three shotgun shells. Agents also found two regular length shotguns inside the defendant's residence. Some firearms were located in safes, others were not.

While the warrant was being executed, the defendant was advised of his constitutional *Miranda* rights and interviewed by DEA Task Force Officer (TFO) Zachary "Zach" Kenney. The defendant was asked why he didn't store all of his guns in a safe. The defendant replied that he kept his "legal" guns in the safe and the guns that he had purchased "on the street," elsewhere in the house. TFO Kenney asked the defendant what he meant by "legal" guns and the defendant said he meant those guns that he or his wife purchased at a store and that were registered to him. TFO Kenney then asked the defendant what he meant by "on the street" and the defendant told him that he meant guns that he bought other than from a store. TFO Kenney then asked the defendant how many of the guns were stolen and the defendant replied that he didn't think any were, but that when you buy guns on the street, you never know.

After the short barreled shotgun was found, TFO asked the defendant about the gun. The defendant admitted that the gun was his and that he bought it "on the street" a few years ago. The defendant then stated that he didn't remember who he had purchased it from and that the barrel and stock had been shortened before he bought the gun. TFO Kenney asked the defendant if he had ever registered the gun and the defendant said no, he had never done any paperwork associated with the gun.

Subsequent to the seizure of the short barreled shotgun, Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Michael McNall measured the firearm and determined that it had an overall length of less than 26 inches and a barrel length of less than 18 inches, and thus was required to be registered in the National Firearms Registration and Transfer Record pursuant to the National Firearms Act. A search of the National Firearms Registration and Transfer Record revealed that the firearm was not registered.

On April 26, 2012, the defendant was arrested on federal charges of possessing an unregistered short barreled shotgun. On April 27, 2012, the defendant made his initial appearance in federal court on a criminal complaint. The defendant was released from custody and placed on pretrial supervision. The defendant was indicted on May 1, 2012, for one count of Unlawful Possession of an unregistered Short-barreled Shotgun, in violation of Title 26, United States Code, Sections 5861(d) and 5871. There is also a forfeiture allegation.

///

///

///

B. **Present Status**

1. **Trial Length and Status**.

The government expects that the trial will last approximately one (1) to one and a half (1 ½) judicial days. The parties initially believed the case was going to be continued, but the defendant apparently changed his mind this past week. The trial is scheduled to start on August 13, 2013.

2. **Charge: Unlawful Possession of a Short-barreled Shotgun (Count 1).**

The defendant is charged with one count of Unlawful Possession of a Short-barreled Shotgun (an unregistered firearm). Title 26, United States Code, Sections 5861(d) and 5871 prohibits a person from possessing an unregistered firearm, such as a firearm having an overall length of less than 26 inches and a barrel length of less than 18 inches. To support a conviction, the government must prove beyond a reasonable doubt the following elements:

First, that the defendant knowingly possessed a weapon made from a Remington Wingmaster 870, 20 gauge shotgun, serial number S530610X, having an overall length of less than 26 inches and a barrel length of less than 18 inches; and,

Second, that the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

The term firearm, for purposes of the statute, includes a shotgun having a barrel or barrels of less than 18 inches in length or a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length. *See* 26 U.S.C. §§ 5845(a)(1) and (a)(2).

The government must prove that the defendant knew of those features which brought the firearm within the scope of the statute, the government does not have to prove the defendant knew his conduct was unlawful. *See Staples v. United States*, 511 U.S. 600, 619 (1994) ("to obtain a conviction, the Government should have been required to prove that petitioner knew of the features of his AR-15 that brought it within the scope of the Act"). *See also United States v. Gergen*, 172 F.3d 719, 724 (9th Cir.1999) (*mens rea* requirement that the defendant know of the particular characteristics of the firearm which bring it within the scope of the statute). The government need not prove that the defendant knew that possessing the firearm was illegal. *United States v. Summers*, 268 F.3d 683, 688 (2001).

To establish possession of the firearm, the government must bring forth evidence showing ownership, dominion or control over the item. *See United States v. Bernard*, 488 F.3d 427, 430 (9th Cir. 1995) (internal citation omitted); *United States v. Soto*, 779 F.2d 558, 560, *amended*, 793 F.2d 217 (9th Cir. 1986).

**C.   Government Witnesses**.

Absent stipulations, the government anticipates calling approximately four witnesses. This number is subject to change depending on arguments defendant may make during the trial. The government has submitted a separate list of witnesses. Witness reports have already been provided to the defendant.

**D.   Stipulations.**

The parties have had a chance to talk prior to the filing of trial documents and the government has agreed not to discuss the basis of the underlying federal search warrant (a drug related warrant) or the defendant's involvement with the distribution of drugs.

E.  **Government Exhibits**

The government will offer approximately 5 exhibits. The government requests permission to display the short barreled shotgun and regular length shotguns during our opening statement. The government has submitted a separate exhibit list. The government also requests permission to add to its exhibit list as needed, based upon defendant's questions of witnesses and possible defenses that may arise.

F.  **Government's Requested Jury Instructions**

The government's proposed jury instructions have been submitted in a separate document.

G.  **Government's Requested Voir Dire Topics**

The government has submitted a separate list of Voir Dire topics.

### Conclusion

The government submits the aforementioned evidence is sufficient to support the charge against defendant and the anticipated evidence outlined above is admissible at trial.

Dated this 9th day of August, 2013.

Respectfully submitted,

S. AMANDA MARSHALL, OSB #95347
United States Attorney

*/s/ Scott M. Kerin*
SCOTT M. KERIN, OSB #965128
Assistant United States Attorney