S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**KATHERINE C. LORENZ**
katie.lorenz@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone:    503-727-1039
Facsimile:    503-727-1117

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-CR-00226-BR |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF** |
| v. | |
| **GERALD LEROY BARNES, II.** | |
| Defendant. | |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Katherine C. Lorenz, Assistant United States Attorney, hereby responds to Defendant's Supplemental Brief relating to his Motion for Return of Property.

As of June of this year, the Court had already reviewed four comprehensive briefs---up to and including a Sur-Reply by the Government---related to Defendant's original motion for the return of the firearms seized in April 2012, including Defendant's additional first-time request in his Reply brief that the government also return the $1,608 that was administratively forfeited

back in August 2012. On July 23, 2014, the Court issued a minute order indicating that it had reviewed these materials, and had two additional issues on which it wished to hear from Defendant: (1) Defendant's basis for challenging the forfeiture of the six legal firearms that were not included in any sort of filing Defendant previously filed with DEA in the administrative process, and (2) any support Defendant had for his contention that nothing in 18 U.S.C. § 981 allows for the forfeiture of money. CR 96.

On August 5, Defendant filed a supplemental memorandum admitting that he did not file a claim, petition, or any other type of challenge to the forfeiture of six of the firearms, but asserting that those firearms were in his wife's name and that his wife filed a petition for remission, and that he and his wife "consider all of the firearms as joint property." CR 72 at ¶ 6 (Defendant's declaration). As to the Court's second question, Defendant asserted that 18 U.S.C. § 981 did not allow for the forfeiture of the $1,608 in seized currency because the statute did not apply to the particular facts of his case. Defendant then acknowledged that, having reviewed the administrative forfeiture documents in this case more thoroughly, the Government had actually seized the currency under a different statute (21 U.S.C. § 881), but that there was insufficient evidence that the currency was traceable to drug trafficking.

As to the first issue, Defendant's wife is not a party to this action, and Defendant's admission that he never filed anything contesting the forfeiture of the six firearms is an acknowledgment that Defendant has no basis for challenging the forfeiture of those firearms in this Court. As to the second issue, the Government agrees that the $1,608 in U.S. currency seized from Defendant and administratively forfeited by DEA in 2012, was seized pursuant to 21 U.S.C. § 881, not 18 U.S.C. § 981. *See* CR 68, Exhibit A (DEA's Declaration of Administrative Forfeiture of the $1,608 pursuant to 21 U.S.C. § 881). Section 881(a)(6) of Title 21 specifically

provides for the forfeiture of "all moneys, negotiable instruments, securities, or other things of value" used or intended to be used in drug trafficking.[1] That money---seized from a safe that Defendant acknowledges also contained marijuana and firearms---was administratively forfeited by DEA over two years ago when Defendant failed to file any sort of claim or petition contesting its forfeiture. Defendant has no basis for now contesting the factual or legal basis for its forfeiture, nor does he offer one in his supplemental brief. This Court has no jurisdiction to consider Defendant's tardy and half-hearted argument for the return of the currency, and Defendant's request for its return should be denied.

Given the nature of the Court's first supplemental question to Defendant relating to the six firearms on which he acknowledges he filed no claim or petition, the Government wishes to briefly reiterate one further point. It is clear from the numerous briefs filed that all Mr. Barnes wants from this Court is the return of the 13 legal firearms and money seized from his home over two years ago. But there is much more at stake for the Government than the disposition of this particular property (all of it, including the seven firearms to which Defendant filed his petition for remission which was denied by DEA). Defendant is seeking to make an end run around the orderly functioning of the seizure and forfeiture statutes, and is attempting to do so by urging this Court to issue a ruling it simply does not have the jurisdiction to issue. The administrative forfeiture process and statutes may, in hindsight, seem frustrating or confusing to Defendant, and some of Defendant's pleas to this Court may seem logical and sympathetic after he prevailed in his criminal trial. But those forfeiture statutes---including the very strict deadlines and consequences they provide for both potential claimants and for the Government when those

---

[1] Even though it does not come into play in the seizure and forfeiture of the $1,608 at issue in this case, 18 U.S.C. § 981 similarly provides for the forfeiture of "any property, real or personal" that is either "involved in" or "traceable to" violations of particular criminal statutes.

deadlines are not met[2]---exist to provide due process to potential claimants such as Mr. Barnes, and to provide consistency and finality for the Government in the administration of property seizures and forfeitures. Once the specific, detailed, and strict seizure and forfeiture processes put in place by Congress as part of CAFRA have been exhausted or have expired, there must be a finality to the decisions reached via those processes.

In both his initial motion and his reply brief, Defendant acknowledges that he received notice of the seizure of the 14 guns at issue back in May 2012, and that the notice he received outlined the two alternative ways that he could contest the forfeiture of those guns: (1) by filing a petition for remission or mitigation of the forfeiture that would be decided directly by the DEA, or (2) by contesting the forfeiture in U.S. District Court, which would require Mr. Barnes to file a claim by June 28, 2012. *See* CR 58 at 3 (acknowledging that these were the two distinct processes outlined in the notice Defendant received back in May 2012) and CR 66 at 2 (same). Mr. Barnes chose to file a petition for remission on just seven of the seized guns, and the DEA subsequently denied his petition---a decision which Mr. Barnes had the opportunity to request that the DEA reconsider within 10 days but did not. *See* Attachment 6 to CR 58.

This Court does not have jurisdiction to order the return of any of the property seized from Defendant back in 2012. There is no basis for this Court to rule that any of the property discussed in Defendant's filings be returned to him simply because he prevailed in his criminal trial. For the many reasons provided in the Government's Response and Sur-Reply to Mr.

---

[2] For example, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") provides that the Government has 90 days after a claim is filed on an asset to either file a civil forfeiture complaint against the property or to obtain a criminal indictment containing a forfeiture allegation as to that property, and that if it misses that deadline, then the property must be promptly released. 18 U.S.C. § 983(a)(3). If the Government missed that 90-day deadline, the Courts would not---and should not---entertain a request from the Government two years later to reinstitute forfeiture proceedings, regardless of what new facts may have come to light.

Barnes's motion (CR 64 and 68), as well as in this Supplemental Response, the Court should deny Mr. Barnes's motion in its entirety.

DATED this 9th day of September 2014.

S. AMANDA MARSHALL
United States Attorney

*Katie Lorenz*
KATHERINE C. LORENZ
Assistant United States Attorney