FILED

APR 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> GERALD LEROY BARNES, II, <br><br> Defendant - Appellant. | No. 14-30218 <br><br> D.C. No. 3:12-cr-00226-BR-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 10, 2016
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

Gerald Leroy Barnes, II appeals the district court's denial of his request for return of several firearms seized by the U.S. Drug Enforcement Administration ("DEA") during an investigation. Those firearms were subsequently forfeited to the government.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Barnes contends that the DEA sent him inadequate notice before forfeiting his firearms, in that the notice failed adequately to inform him of the consequences of petitioning for remission of the firearms, rather than filing a claim for their return. He also contends that his letter in response to the forfeiture notice satisfied the requirements for both a petition for remission and a claim, and that therefore the United States should not have construed his letter as solely a petition for remission.

The notice sent to Barnes is quite problematic. It does not identify the main distinction between the two different routes for forfeiture. Remission assumes the validity of the forfeiture, and the forfeiting agency returns the forfeited property only if it decides, within its discretion, to excuse the grounds for forfeiture. *See* 28 C.F.R. § 9.1 *et seq.* By contrast, the filing of a claim is in the nature of a legal, substantive challenge to the merits of the forfeiture. *See* 18 U.S.C. § 983(a)(2). The only indication of this distinction in the notice is the word "remission," not commonly used or understood to mean a discretionary act of grace, and the addition of the word "**(pardon)**" immediately following "remission" in the sentence, which is awkwardly located and not explained. The government could have much more clearly stated this most important distinction in the notice, as it did in its letter forfeiting Barnes' property, yet it did not.

2

In addition, the notice states that a property owner seeking relief from forfeiture may file a petition for remission "and/or" a claim but does not explain what happens when the property owner does so. For instance, the notice does not explain that the filing of a claim terminates the administrative forfeiture. *See Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 889 n.1 (D.C. Cir. 2009) ("[A]s a practical matter, filing a claim to contest the forfeiture in court ends the administrative forfeiture from which an owner would petition for remission."). The notice also fails to explain what happens to the petition for remission if a claim is filed. Does the filing of a claim moot the petition for remission? *Cf. Conservation Force v. Salazar*, 646 F.3d 1240, 1242–43 (9th Cir. 2011) (describing remission and a claim as "alternative . . . remedies" (quoting *Malladi*, 552 F.3d at 890)). Or does the petition remain viable notwithstanding the filing of a claim? *See* 28 C.F.R. § 9.3(a) (stating that petitions for remission "shall be considered *any time* after notice *until the property has been forfeited*" (emphasis added)).

Nonetheless, despite the notice's inadequacies, the record makes clear that Barnes, in fact, meant to request remission, not to file a claim. His letters to the DEA expressly requested "remission" of the firearms. When the DEA responded to his first letter, it explicitly characterized Barnes' letter as a petition for

3

remission, a characterization Barnes did not correct in his further communications. In addition, Barnes had access to a lawyer during the forfeiture process, and some evidence in the record indicates that he discussed the process with his then-attorney. Moreover, nowhere has Barnes asserted that he was *actually* confused about the fact that he was filing a petition for discretionary relief from forfeiture, rather than a claim of a legal or factual right to not have his property forfeited. His declaration, filed with the district court in support of his motion for return of property, does not attest to such confusion. Finally, because Barnes was not taken to have filed a claim, his petition went forward. For these reasons, any inadequacy in the notice was harmless, and Barnes' contention that the DEA should not have construed his letters as solely requests for remission is not persuasive.

To the extent that Barnes also seeks equitable relief, that relief is not available to him, for the reasons discussed above.

**AFFIRMED.**